# MONTCLAIR LAW ASSOCIATES

## Stephen M. Aspero, Esq.

Counselor at Law

239 Greenway Road, Ridgewood, New Jersey 07450

Tel:  201-857-0649

(e) aspero47@gmail.com

Admitted to Practice:
New Jersey &  New York
U.S. Court of Appeals, 3rd Cir.
U.S. District Court, Dist. of N.J

Martindale-Hubbell Professional
Peer Review Rating Since Early 1980
*"AV Preeminent"*
MBA, The Wharton School, Univ. of Pa.



July 26, 2021

*Via Email only: ecfhelp@njd.uscourts.gov*

Honorable Kevin McNulty

U.S. District Court, District of New Jersey

Martin Luther King Building & U.S. Courthouse

50 Walnut Street

Newark, New Jersey 07102

> Re:  Stepien, et al vs. Phillip Murphy, et al  #21-CV-13271
>
>       Amicus Curiae Letter-Brief in Opposition

Dear Judge McNulty:

Please accept this letter in opposition to the referenced Complaint that, inter alia, seeks to bar any local public school district from requiring masks for children under 12.

## Preliminary Statement

This letter-brief is respectfully submitted on behalf of my wife (a retired N.J. attorney) and myself in our capacity as aggrieved/interested Ridgewood, New Jersey residents.  I am over 70 years of age and my wife just turned 70.  I am not a trial attorney but remain active in the practice of commercial real estate law and have never submitted an Amicus Curia or other brief in my 40 years of practice.  However, this case demands our attention.  We live with our daughter and son-in-law in their home with their three young children including twin granddaughters who are 6 yrs. old and will attend Ridgewood elementary school.

As Dr. Rochelle Walensky, Director, Center for Disease Control recently stated, the Covid19 Delta Variant *"is spreading with incredible efficiency and now represents more than 83 percent of the virus circulating in the United States"*; Dr. Anthony Fauci, Director, National Institute of Allergy and Infectious Diseases recently described the Delta Variant as having

*"transmissibility greater than wild type SARS-CoV-2"* and noted a *"considerable surge of infection"*. Although both fully vaccinated with two shots, my wife and I are extremely concerned about our soon-to-be 1st graders bringing the Delta Variant home given its continuous and growing level of infectiousness and capacity to cause breakthrough infections.

## Plaintiff's Case-In-Chief

Among other allegations, Plaintiff's Complaint contains the following allegations of Constitutionally unpermitted activities:

1. That, while certain of the Governor's mask mandates will be lifted, public school districts will be unlawfully authorized to continue mask mandates, social distancing and physical separation between students;

2. That, in violation of the First Amendment (free speech), Fifth Amendment (liberty) and Fourteenth Amendment (equal protection), the mandatory wearing of masks by schoolchildren unconstitutionally burdens and impairs protected speech rights; inhibits and prevents student communication; prevents the perception and exchange of non-verbal forms of communication vital and material to the exchange of ideas, thoughts and emotions among students; and, burdens and impairs protected associational rights of schoolchildren preventing friendships; and

3. That *"no state interest"* exists that supports any State or local mask mandate and other essential Covid19/Delta Variant protective measures with respect to New Jersey schoolchildren regardless of minimal mask wearing until the health emergency passes.

## Rebuttal

By way of rebuttal and rejection of Plaintiff's case-in-chief, Article V, Section 1, subpart 11, of the New Jersey Constitution is a relevant point of departure and reads as follows:

> *"The Governor shall take care that the laws be faithfully executed. To this end he shall have power, by appropriate action or proceeding in the courts brought in the name of the State, to enforce compliance with any constitutional or legislative mandate . . ."* [underlining added]

Consistent with the N.J. Constitutional mandate that the Governor attend to the faithful execution of our State laws, we refer to N.J.S.A. Sec. 26:13-1 [*Emergency Health Powers Act*] and N.J.S.A. Sec. 26:13-3 enacted therewith [*Declaration of Public Health Emergency*] that to our knowledge have not been invalidated or declared unconstitutional; Sec. 13-1(a) is particularly instructive:

> a.    *The Governor, in consultation with the commissioner and the Director of the State Office of Emergency Management, <u>may declare a public health emergency</u>. In declaring a public health emergency, the Governor shall issue an order that specifies:*
>
>> *(1) the nature of the public health emergency;*
>>
>> *(2) the geographic area subject to the declaration;*
>>
>> *(3) the conditions that have brought about the public health emergency to the extent known; and*
>>
>> *(4) the expected duration of the state of public health emergency, if less than 30 days.* ***Such order may also prescribe necessary actions or countermeasures to protect the public's health***.
>
> [bolding added]

Additionally, N.J.A.C. 6A:16-2.1(a) [*Health Services Policy and Procedural Requirements*] is equally clear and contains the following instruction:

> "(a) *Each district board of education shall develop and adopt . . . written policies, procedures, and mechanisms* ***for the provision of health, safety, and medical emergency services***". [bolding added]

We would argue that this Administrative Code provision, not unlike the above-mentioned State statutes, passes any level of constitutional scrutiny inasmuch as the balance between the clearly minimally intrusive student masking, on the one hand, and the health of our teachers, school children and our (and our family's) health, on the other, is unmistakable and essential.

As grandparents to three children <u>under the age of 12</u>, please allow us to state unequivocally that the reason we so strenuously object to Plaintiff's Complaint is due to the fact that our three granddaughters have <u>not</u> been vaccinated against Covid19 due to the fact that they are <u>not</u> permitted to be vaccinated. Due to the increasingly infectious Delta Variant, we are concerned that our granddaughters suffer infection themselves by the Delta Variant or by bringing the Delta Variant home from school and infecting one or both of us by transmission.

In light of the Delta Variant's increasing infection rate, it is our position that it is not only lawful, but rational, for any school district in New Jersey to require students <u>under the age of 12</u> to wear masks starting with the commencement of the 2021-22 school year until the emergency passes and in so doing, we see absolutely no unlawful impairment or abridgement of any students' constitutionally protected rights.

While it has been some time since we last focused on these important constitutional questions in law school, a brief comment of the three tests of constitutional validity is relevant: (a) the rational basis test is the least level of inquiry and involves the analysis of whether a

governmental regulation serves a legitimate governmental interest; (b) the intermediate analysis test where the state action/regulation must serve an important interest; and, (c) the strict scrutiny test under which the state action/regulation must be shown to be the least demanding where a compelling interest is involved, including matters related to public health.

We believe the authority of New Jersey public school Superintendents to mandate masks for students under the age of 12 satisfies any of the above three tests.  Further, we proffer that there is an unquestionable legitimate state interest at stake, namely, the avoidance of Covid19 and/or Delta Variant infection from teacher-to-student, student-to-teacher, student-to-student and by student-to-family members.  Respectfully, to suggest that there is no valid state interest given the risks at stake in light of the compelling vital need to protect the public health and safety is to take a blind eye to the seriousness of the current Covid19/Delta Variant situation.

Thus, it goes beyond question that each and every one of the Governor's 248 Executive extant Orders, including specifically, EO#242, subpart 2, meet the *Emergency Health Measures Act* mandate and *"prescribe necessary actions or countermeasures to protect the public's health"*.  Under any applicable level of constitutional review, including the balancing act permitted under the strict scrutiny test, the Governor's Executive Orders vis-à-vis masks in schools pass muster.

With respect to Plaintiffs' allegations that a school-related mask mandate for New Jersey students will impact the capacity of young students to mingle and exchange ideas and make friends, we respectfully advise that not once did our granddaughters come home this past school year and complain about having to wear a mask, that they were anxious, that they were unable to speak to their classmates, or that they could not engage in whatever activity their teacher and school offered; indeed, we never heard from their teachers that they refused to wear a mask or complained about having to wear masks.

Lastly, if there is any genuine and legitimate concern about constitutional issues, it should be abundantly clear that there won't be any 1st, 5th or 14th Amendment rights for my wife and me if we suffer any Delta Variant infection from transmission by our grandchildren and don't survive the illness.  We believe and assert that the minimal balance between the prevention of infection and the Governor's rule that allows our school districts to require masks imposes no legitimate or overbearing Constitutional burden on our children.  We trust the Court will dispose of Plaintiffs' case by dismissing and denying Plaintiffs' requested relief in its entirety.

Respectfully Submitted,
MONTCLAIR LAW ASSOCIATES

_____
Stephen M. Aspero

4