Bruce I. Afran
Attorney-at-Law
10 Braeburn Dr.
Princeton, New Jersey 08540
609-454-7435 (cellular)
bruceafran@aol.com
NJ Attorney ID 010751986
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

CYNTHIA STEPIEN on behalf of herself and her minor
child; STAMATIA DIMATOS SCHRECK, on behalf of herself
and her three minor children; RYAN CODY, on behalf of himself
and his minor child J.C.; KELLY FORD on behalf
of herself and her minor child A.F.; GABE MCMAHON; M.F.;
M.K.N.; K.B.; B.W.; L.R.; J.V.P.; V.P.; D.M.; B.M.; A.M.;
DANIELLE ESCAYG; and ALL OTHERS SIMILARLY SITUATED,

       Plaintiffs,

       v.

PHILIP D. MURPHY, Governor; ANGELICA ALLEN-McMILLAN,
Commissioner of Education; JUDITH M. PERSICHILLI,
Commissioner of Health,

                                DOCKET NO: 21-cv-13271

       Defendants.

_____

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE (ECF NO. 5) AND, IN THE
ALTERNATIVE, BRIEF IN SUPPORT OF MOTION TO ADOURN RETURN DATE OR
TO ACCEPT OPPOSITION AS WITHIN TIME**

**INTRODUCTION**

This memorandum of law is respectfully submitted in opposition to the motion to

intervene (ECF No. 5) filed by Reginald Burgess and in support of plaintiffs' motion to adjourn

the motion to intervene until defendants have entered their appearance or, in the alternative, to

1

deem this opposition as filed as within time due to accommodate plaintiffs' counsel's schedule

that counsel was engaged preparing the complex and extensive papers on the order to show cause

application filed earlier today (ECF NOS. 12 and 13).

**<u>ARGUMENT</u>**

Plaintiffs respectfully submits that the proposed intervener's motion be denied.  To begin

with, defendants have not yet entered their appearance and any such motion should be deemed

premature until such time as all of the parties have entered and have the opportunity to respond.

In addition, earlier today, a motion seeking relief by order to show cause was filed by plaintiffs

(ECF Nos. 12 and 13) and it is expected that defendants will shortly enter an appearance in

response to that motion (they have been given notice by email to the Deputy Attorney General

Daniel Vannella). At that time, any motion to intervene would be more appropriately considered

and the return date should be deemed adjourned until such time as the defendant enters an

appearance.

In addition, as noted below, Mr. Burgess substantially expanded his submission after the

motion was filed (ECF No. 8) and, for this reason alone, the motion should be adjourned and a

new return date set, or this opposition be deemed accepted as within time, a consideration that

should be given to plaintiffs' counsel who has been engaged in preparing the extensive papers on

the Second Amended Complaint and the Order to Show Cause filed earlier today (ECF NOS.

11,12,13).

As to the merits, Mr. Burgess's application should be denied as he does not meet the

requirements for permissive intervenor status.

Executive Order 251 that gives rise to this action concerns a masking order purportedly imposed as a health measure on students and teachers for their benefit or the benefit of others in the New Jersey community.  However, Mr. Burgess asserts no actual or prospective connection with this case. He is not a resident of New Jersey (he appears to be a resident of Anaheim, California where he mails his submissions to the Court).  He does not assert he has children in the New Jersey schools nor does he assert that he lives in any intimate situation with someone who works in the New Jersey schools.  Such assertions would, at least, remove his position from a purely abstract interest but he makes no such claims.

Mr. Burgess has apparently become a pro-masking activist who seeks to use the court forum to promote his views but has no concrete or non-abstract interest in this litigation.  Faced with these facts, Mr. Burgess cannot meet the well-known standard for permissive intervention under Rule 24(a)(2).  See e.g. discussion at *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987) (refusing district attorney's motion to intervene in action settling prisoners' claims of unfair treatment and holding that the prosecutor's office had no interest in the matter sufficient to support intervention.)

Further, Mr. Bugess's submissions to date show that his presence would be distinctly unhelpful and a distraction to the Court and the parties.

Mr. Burgess has engaged in insulting and derogatory comments towards the plaintiffs, calling them "dim witted" in his initial declaration at ¶13 (re-filed as ECF No. 10) and that the action has been brought by "misguided and dim witted litigants and counsel" who are "putting children at risk of a swift ugly painful death." See Motion to Intervene at (ECF No. 5).  Aside from these derogatory statements that have no place in federal (or state) litigation, Mr. Burgess

has made other gratuitous statements including references to "Typhoid Mary", *id*., that are equally unhelpful in resolving serious constitutional questions. For example, in his original motion (ECF No. 5) he makes repeated and extensive reference to his email exchanges with "9 well known CNN anchors" in which he disputes their contention that the vaccines provide protection. None of this is based on knowledge of an expert nature nor would it be admissible evidence to support any action, let alone intervention.

Mr. Burgess makes other extreme statements such as his belief that the Court can affirmatively order mandatory masking *throughout the Nation* and that those who oppose this relief should be incarcerated or should "renounce" their citizenship and leave the country:

> This court should take the extraordinary step to order mandatory injunctive relief to order masking nationwide at the command of the CDC as well as vaccines be taken by those capable as only this as a Federal Court with an action of case or controversy before it by citizens now has the power to give the force of law to the findings of the CDC and the executive branch in the name of public health and safety due to Jacobson,. For those who won't comply - and there always are those in every epidemic or pandemic; there is the precedent of legal quarantine incarceration or of course they can renounce their citizenship and leave the country for what other will take them in.

*See* Motion to Intervene (ECF No. 5) at 6. This disgraceful and insulting commentary towards plaintiffs and the obvious absurdity of this material demonstrates the confusion and loss of focus that Mr. Burgess's intervention will bring to this case.

Based on the nature of his pleadings to date and his purely abstract interest in this matter,

Mr. Burgess, despite the presumption of his good intentions as an interested citizen, cannot meet

the standard for permissive intervention as recognized by the Third Circuit:

> Under Rule 24(a)(2), a person is entitled to intervene if (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. *See Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501, 504 (3d Cir.), *cert. denied sub nom. Fire Fighters Union v. Pennsylvania*, 426 U.S. 921, 96 S. Ct. 2628, 49 L. Ed. 2d 375 (1976). Although these requirements are intertwined, each must be met to intervene as of right.

> *Harris v. Pernsley*, supra, 820 F.2d at 596.

Simply put, Mr. Burgess's abstract concern does not evince a "sufficient interest" in the

action under Fed. R. Civ. Pro, Rule 24(a)(2) and he certainly does not assert an "interest [that]

may be affected or impaired, *as a practical matter* by the disposition of the action". *Harris,*

*supra* [emphasis added].  Mr. Burgess's only interest is that of a resident of the continental

United States who, in theory, could be affected in some unknown, attenuated manner if a New

Jersey schoolchild should happen to become ill with Covid.  This highly abstract concern is not

sufficient to enable permissive intervention and applies equally to all 340 million Americans.

Under Fed. R. Civ. P., Rule 24(a)(2), the State defendants, who presumably will be

represented by the Attorney General of New Jersey (who has already contacted the undersigned

counsel) are well suited to litigate any general public interest in this matter. Hence, Mr. Burgess

cannot satisfy the additional requirement that "the interest is not adequately represented by an

existing party in the litigation".  *Harris v. Pernsely*, supra.  To the contrary, the derogatory and

non-relevant points Mr. Burgess is already imposing on the Court through his motion practice

demonstrate that his presence would not be helpful to the Court or the public interest.

Counsel regrets the need to speak critically of Mr. Burgess but based on his submissions

to date his intervention will be a distraction from emergent issues that will require the Court and

the parties' close attention over a short time frame.

## TIMELINESS OF OPPOSITION

Mr. Burgess is correct in noting that this opposition ordinarily should have been filed 14

days ahead of the September 7, 2021 return date but Mr. Burgess himself offered extensive new

material on his supplemental declaration filed August 6, 2021 after the Clerk set the original

motion date.  In fact, his supplemental declaration (ECF No. 8) contain reference to multiple

news reports, CNN videos and reference to purported studies, extensive new materials beyond

his original motion that should, in fairness, cause the return date to either be amended or the

Court accept plaintiffs' opposition as within time.

In addition, counsel reasonably requires additional time for this opposition as his primary

focus had to be on preparing papers on application for order to show cause to bring this matter on

reasonably promptly in connection with the opening of school in the state next week and the

opposition should be deemed filed as within time or the return date amended to accommodate

counsel's needs.

In any event, since the motion should fairly await the entry of defendants this opposition

should be accepted in that the motion to intervene is, in essence, premature.

## CONCLUSION

It is respectfully submitted that Mr. Burgess's motion be denied as premature as the defendants have not yet entered their appearance and, in the alternative, his late amendment of his motion (ECF No. 8) should caused the return date to be adjourned so that all parties can study his application in an appropriate manner.

As to the merits, for the reasons stated above, Mr. Burgess cannot satisfy the standards for permissive intervention and his application should be denied.

Respectfully submitted,

_____

Bruce I. Afran, Counsel for Plaintiffs